IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANGELA S.,[1] | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 7:19-cv-00480 |
| | ) |
| ANDREW SAUL, Commissioner, Social | )  By: Elizabeth K. Dillon |
|    Security Administration, | )       United States District Judge |
| | ) |
|    Defendant. | ) |
| | ) |

**MEMORANDUM OPINION**

Plaintiff Angela S. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying her claim for social security income ("SSI") under the Social Security Act. Both parties moved for summary judgment, and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On May 11, 2020, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (Dkt. No. 21.) Angela filed a timely objection on May 25, 2020. (Dkt. No. 22, Pl.'s Obj.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant the Commissioner's motion for summary judgment, deny Angela's motion for summary judgment, and affirm the Commissioner's decision.

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

I.  BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report and recommendation.  (*See generally* R&R.)

II.  DISCUSSION

**A.  Standard of Review**

This court's review of the administrative law judge's (ALJ) underlying decision is limited.  Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ].  Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (alterations in original) (citations omitted).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made.  Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*,

447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)). Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).

**B. Angela S.'s Objections**

In her brief to the magistrate judge in support of summary judgment, Angela argued that the ALJ's conclusions regarding her residual functional capacity (RFC) were not supported by substantial evidence; that the ALJ improperly evaluated her mental impairments pursuant to SSR 96-8p; that the ALJ failed to conduct a function-by-function analysis regarding her mental and

3

physical impairments; and that the ALJ failed to explain the basis for rejecting Angela's subjective allegations. (Mot. Summ. J., Dkt. No. 15.) Angela's objections to the magistrate judge's recommendation largely reiterate those arguments. (*See* Pl.'s Obj. 1–3 (disputing that the ALJ's RFC findings were supported by substantial evidence); *id.* at 4–5 (contesting the adequacy of the ALJ's analysis pursuant to SSR 96-8p); *id.* at 5–6 (arguing that the R&R fails to make specific function-by-function findings regarding the effects of her impairments); *id.* at 6–7 ("The reasons given by the ALJ in finding plaintiff's allegations are not fully supported are themselves not supported by substantial evidence.").) The court will not address arguments, such as the foregoing, that were thoroughly explored by the magistrate judge.

The court will, however, address a few of the objections Angela raises. Angela asserts that there is insufficient evidence that the plaintiff could work on a sustained basis over a normal workday. Specifically, Angela argues that Dr. Vance found she could perform work on a consistent basis but did not find that she could work on a sustained basis. She reasons that this alleged hole in the ALJ's reasoning requires remand. (*See id.* at 2 (citing *Dena B. v. Saul*, No. 7:18-cv-00141, 2019 WL 494554 (W.D. Va. Sept. 24, 2019)).) However, while Dr. Vance did not expressly state that Angela could work on a "sustained basis," he stated that she could "perform work activities on a consistent basis *and complete a normal work day or work week without interruptions*." (R. 1108 (emphasis added).) The magistrate judge considered this along with the findings of other doctors in the record in reaching his decision that the ALJ's decision is supported by substantial evidence.

Angela also asserts that the magistrate judge erred in concluding that the ALJ made specific findings regarding whether her impairments caused her pain that would require breaks during the workday. She highlights the magistrate judge's statement that "Angela's need to take

4

breaks during the day is not a severe impairment" and notes that this misstates her position. (R&R 16.) She states that she "does not argue that [her] need to take breaks is a severe impairment; instead, [she] argues that her impairments result in a need to take breaks." (Pl.'s Obj. 6.) But Angela ignores the magistrate judge's subsequent analysis, which discusses the ALJ's reasoning and the supporting evidence. (R&R 17 (acknowledging the ALJ's conclusion that Angela's impairments could reasonably be expected to cause her alleged symptoms, but that the evidence is not entirely consistent with Angela's statements concerning the intensity, persistence, and limiting effects of her symptoms).) The court agrees with the magistrate judge's conclusion that the ALJ built a logical bridge between the evidence and his RFC findings.

### III.  CONCLUSION

After a review of the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, this court will overrule Angela's objections and adopt the magistrate judge's recommendation. The court will therefore grant the Commissioner's motion for summary judgment and deny Angela's motion for summary judgment.

An appropriate order will be entered.

Entered: July 15, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge